| | **Duane Morris®** | |
|---|---|---|
| NEW YORK | | HANOI |
| LONDON | | HO CHI MINH CITY |
| SINGAPORE | | SHANGHAI |
| PHILADELPHIA | *FIRM and AFFILIATE OFFICES* | ATLANTA |
| CHICAGO | | BALTIMORE |
| WASHINGTON, DC | | WILMINGTON |
| SAN FRANCISCO | NATALIE F. (HRUBOS) BARE | MIAMI |
| SILICON VALLEY | PARTNER | BOCA RATON |
| SAN DIEGO | DIRECT DIAL: +1 215 979 1962 | PITTSBURGH |
| LOS ANGELES | PERSONAL FAX: +1 215 405 3710 | NORTH JERSEY |
| BOSTON | *E-MAIL:* NFBare@duanemorris.com | LAS VEGAS |
| HOUSTON | | SOUTH JERSEY |
| DALLAS | *www.duanemorris.com* | SYDNEY |
| FORT WORTH | | MYANMAR |
| AUSTIN | | |
| | | ALLIANCES IN MEXICO |

October 28, 2025

**VIA ECF**

Hon. Renée Marie Bumb, Chief U.S.D.J.
United States District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101
Courtroom: 3D

    Re:    **Humphrey, et al. v. The Campbell's Company, et al.**
                **Civil Action No. 1:25-cv-15108**

Dear Chief Judge Bumb:

    This firm represents Defendants The Campbell's Company ("Campbell's") and Pepperidge Farm Incorporated ("Pepperidge Farm") (collectively "Defendants") in the above matter. Plaintiffs Jay Humphrey, Walter Terrell, and Devin Robinson assert claims for unpaid overtime wages under the federal Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act ("PMWA"), the Illinois Minimum Wage Law ("IMWL"), and the Connecticut Minimum Wage Act ("CMWA"). They also assert claims for unpaid wages under the Pennsylvania Wage Payment & Collection Law ("PWPCL"), the Illinois Wage Payment & Collection Act ("IWPCA"), and the Connecticut Wage Payment Law ("CWPL"). In accordance with Section I.A. of Your Honor's Individual Rules and Procedures, Defendants respectfully request a pre-motion conference regarding their intention to file a Motion to Dismiss the Complaint.

    **First**, Plaintiffs have not sufficiently alleged that Campbell's was their employer. Plaintiffs were directly employed by Pepperidge Farm, which is an indirect, wholly owned subsidiary of Campbell's. It is well established that "the doctrine of limited liability creates a strong presumption that a parent company is *not* the employer of its subsidiary's employees." *Attanasio v. Cmty. Health Sys.*, 863 F. Supp. 2d 417, 422 (M.D. Pa. 2012); *see also Williams v. Bob Evans Rests., LLC*, 2:18-cv-01353, 2020 WL 4692504, at *3-4 (W.D. Pa. Aug. 13, 2020); *Flemming v. Mentor*

DuaneMorris

*Network*, Civ. No. 3:11cv689, 2012 WL 1565116, at *6-10 (D. Conn. Apr. 30, 2012). And "referring to the Defendants collectively and failing to plead individual facts as to each Defendant is *fatal* to the validity of the claim that [the parent corporation] was [the plaintiffs'] single or joint employer." *Williams*, 2020 WL 4692504, at *5. Here, Plaintiffs' Complaint conflates both defendants and provides nothing more than conclusory statements regarding certain factors for determining employer status. *See e.g.,* ECF No. 1, at ¶ 14. The Complaint does not allege any basic facts to indicate that Campbell's played any role in Plaintiffs' terms and conditions of employment (or those of any other Pepperidge Farm employees). Nor does it assert any "operative details suggesting exactly *how* [the parent corporation] exercised authority over the particular employees" or "*how* these employees were supervised by" the parent corporation." *Attanasio*, 863 F. Supp. 2d at 425 (emphasis in original).

**Second**, Plaintiffs seek to bring this litigation on behalf of other employees without sufficiently pleading which employees comprise the groups that Plaintiffs seek to represent. *See e.g.*, *Hodczak v. Latrobe Specialty Steel Co.*, Civ. A. No. 08-649, 2009 WL 911311, at *9 (W.D. Pa. Mar. 31, 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)) (holding that the named plaintiff in a class or collective action must plead sufficient facts about the putative plaintiffs, including job titles and descriptions, to allow the defendant to provide a response to the plaintiff's allegations and "raise a reasonable expectation that discovery will reveal evidence of" a group of similarly situated employees). Here, the Complaint describes the purported representative groups as "hourly production/manufacturing employees" (*see* ECF No. 1, at ¶¶ 51, 54-56) without any description of who comprises this group, what their job titles or descriptions are, or where they worked. The class and collective action claims should be dismissed.

**Third**, to the extent that Plaintiffs claim that the putative plaintiffs in this matter include employees of Snyder's-Lance, Inc. and/or Campbell Soup Supply Company, LLC, other subsidiaries of Campbell's, the matter should be dismissed or stayed because there are three pending federal court cases that were filed before this matter, concerning the same subject matter and involving representative groups that tightly overlap with certain potential representative groups in this matter. *See Muhammad v. State Farm Indem. Co.*, 719 F. Supp. 3d 397, 403-07 (D.N.J. 2024). Plaintiffs' Complaint in *Humphrey* was filed on August 29, 2025. ECF No. 1. The Complaint asserts FLSA, PMWA and PWPCL claims on behalf of "[a]ll current and former hourly production/manufacturing employees of [Campbell's and Pepperidge Farm]" since August 29, 2022. *Id.* at ¶¶ 51, 54. But the Complaint is not clear on the issue of whether Plaintiffs intend to represent "hourly production/manufacturing employees" employed by Pepperidge Farm only or whether Plaintiffs intend to represent "hourly production/manufacturing employees" employed by *all* subsidiaries of Campbell's, including Snyder's-Lance and Campbell Soup Supply Company.

The cases that tightly overlap are: (1) *Messinger v. Snyder's-Lance, Inc.*, 240600596 (Pa. Ct. Com. Pl.); 2:24-cv-04377 (E.D. Pa.) ("*Messinger*") (on behalf of "[a]ll current and former hourly, non-exempt employees of [Snyder's-Lance] employed in Pennsylvania" since May 28, 2021), (2) *Fisher v. Snyder's-Lance, Inc.*, 3:25-cv-00049 (W.D.N.C.) ("*Fisher*") (on behalf of "[a]ll current and former Hourly Packers who worked for Defendant [Snyder's-Lance] at any of its facilities" since January 23, 2022), and (3) *James v. The Campbell's Company*, 1:25-cv-08590 (D.N.J.) ("*James*") (on behalf of "[a]ll current and former hourly production/manufacturing

DuaneMorris

employees at [Campbell Soup Supply Company] who were paid for forty (40) or more hours of work in any workweek" since June 9, 2022). In all these matters, and *Humphrey*, the plaintiffs seek unpaid wages for time they say they spent engaging in pre-shift activities off the clock. *Messinger*, Dkt. No. 1, Ex. B, at ¶¶ 13, 15; *Fisher*, Dkt. No. 18, at ¶¶ 19-36; *James*, Dkt. No. 29, at ¶¶ 32-36; ECF No. 1, at ¶¶ 35-42.

**Fourth**, Plaintiffs' claims under the FLSA, PMWA, IMWL, and CMWA fail to adequately plead that their allegedly unpaid work occurred during weeks in which they worked overtime. *See, e.g.*, *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 242 (3d Cir. 2014) (explaining that to state a plausible FLSA overtime claim, "a plaintiff must sufficiently allege forty hours of work in a *given* workweek *as well as* some uncompensated time in excess of the forty hours"); *see also Ford-Greene v. NHS, Inc.*, 106 F. Supp. 3d 590, 611-13 (E.D. Pa. 2015); *Hughes v. Scarlett's G.P., Inc.*, No. 15-cv-5546, 2016 WL 454348, at *5-6 (N.D. Ill. Feb. 5, 2016); *Bi v. Xia*, No. 3:18-cv-23, 2023 WL 4684828, at *8 (D. Conn. July 21, 2023). Plaintiffs generally allege that they spent off-the-clock time engaging in pre-shift activities. *See* ECF No. 1, at ¶¶ 35, 39. However, Plaintiffs fail to allege that these activities took place during weeks in which they worked over 40 hours. And they have not alleged any approximation of the hours for which they were not compensated.

**Fifth**, Plaintiffs cannot state claims under the PWPCL, IWPCA, and CWPL without alleging any facts that Plaintiffs are owed wages pursuant to any agreement or contract. *See, e.g.*, *Baron v. Quad Three Group, Inc.*, No. 221 MDA 2012, 2013 WL 3822134, at *4 (Pa. Super. Ct. Jan. 22, 2013); *Chayoga v. City of Chicago*, 992 F.3d 607, 624 (7th Cir. 2021); *Mytych v. May Dep't Stores Co.*, 793 A.2d 1068, 1073 (Conn. 2002). Conclusory allegations about a contractual entitlement do not suffice to meet this requirement. *Bosler v. Bio-Medical Applications of Pa.*, C.A. No. 14-1530, 2015 WL 479914, at *3-5 (E.D. Pa. Feb. 3, 2015); *Smith v. C.H. James Rest. Holdings*, No. 11-CV-5545, 2012 WL 255806, at *2 (N.D. Ill. Jan. 26, 2012). Here, Plaintiffs have not adequately pled the existence of any agreement, express or implied.

Defendants therefore request a pre-motion conference or leave to file their motion to dismiss.

Sincerely,

DUANE MORRIS LLP

*(signature)*

Natalie F. (Hrubos) Bare
NJ ID #034282009
*Attorney for Defendants*

cc: Counsel of Record *(via ECF and FedEx)*