# LICHTEN & LISS-RIORDAN, P.C.

ATTORNEYS AT LAW

HAROLD L. LICHTEN×
SHANNON LISS-RIORDAN×∆◊
SARAH SCHALMAN-BERGEN▪
MATTHEW W. THOMSON×
THOMAS P. FOWLER×◊
BRADLEY MANEWITH•
KRYSTEN CONNON^▪
OLENA SAVYTSKA×

BRENDAN BALLOU○
MICHAEL ROMANO•
JACK BARTHOLET×
TREVOR BYRNE×
MORINE MITCHELL×
KELLY GEDDES×
HODA KATEBI∆

729 BOYLSTON STREET, SUITE 2000
BOSTON, MASSACHUSETTS 02116

TELEPHONE 617-994-5800
FACSIMILE 617-994-5801

WWW.LLRLAW.COM

× ADMITTED IN MASSACHUSETTS
∆ ADMITTED IN CALIFORNIA
◊ ADMITTED IN NEW YORK
▪ ADMITTED IN PENNSYLVANIA
• ADMITTED IN ILLINOIS
^ ADMITTED IN NEW JERSEY
○ ADMITTED IN WASHINGTON D.C.

January 9, 2026

**VIA ECF**
Hon. Renee Marie Bumb, Chief U.S.D.J.
United States District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Courtroom 3 D
Camden, NJ 08101

Re:   *Humphrey, et al. v. The Campbell's Company, et al.*, No. 1:25-cv-15108

Dear Chief Judge Bumb:

This firm and the law firm, Coffman Legal, LLC, represent Plaintiffs in the above matter. Plaintiffs write in response to Defendants' letter seeking a pre-motion conference regarding the Motion to Dismiss the First Amended Complaint, addressing each of the five points.

**First**, Plaintiffs have sufficiently alleged that The Campbell's Company (Campbell's) was one of their employers for purposes of the FLSA. In deciding whether a pleading has adequately alleged a claim, the district court "is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff." *Hansen v. Novitum Energy LLC*, No. 23-21077, 2024 WL 4024172, at *2 (D. N.J. Aug. 30, 2024) (Williams, J.). The plain language of Plaintiffs' Complaint satisfies the pleading standard for an FLSA complaint and sufficiently pleads that Campbell's was one of Plaintiffs' employers.

Defendants are incorrect that collective allegations that refer to multiple employers are fatal to a plaintiff's claims regarding employment status. In fact, the Court has recently stated as much when denying a defendant's motion to dismiss on similar grounds in *Ojeda v. Louis Berger Grp. (Domestic), Inc.*, No. 18-17233, 2021 WL 941875 (D. N.J. Mar. 11, 2021) (McNulty, D.J.). Like the *Ojeda* plaintiffs, Plaintiffs have made specific allegations regarding where they worked, when they worked, their positions, and the duties they performed, while also making collective allegations regarding Defendants' status as their employers. The Court itself distinguished both the *Attanasio* and *Williams* cases cited by Defendants in the *Ojeda* decision, noting that in

# LICHTEN & LISS-RIORDAN, P.C.

*Attanasio* "no plaintiff picked out any particular employer/defendant from among an enormous number of alleged employers" whereas in *Ojeda* the "plaintiffs identify which defendants were their employers, and then plead additional information which renders their claims plausible enough." 2021 WL 941875, at *7.

**Second**, Plaintiffs have proposed a stipulation to Defendants regarding the scope of the proposed collective at issue in this case compared to the existing cases against Snyder's-Lance, Inc. Plaintiffs' stipulation specifically limits this matter to Defendants' production/manufacturing employees at Bloomfield, Connecticut, Lakeland, Florida, Downers Grove, Illinois, Willard, Ohio, Denver, Pennsylvania, Downingtown, Pennsylvania, and Richmond, Utah. Plaintiffs believe this stipulation addresses Defendants' argument on this point. Defendants have stated that they intend to respond.

**Third**, Defendants' argument that Plaintiffs' class and collective action claims should be dismissed due to alleged insufficient pleading of the individuals who comprise the groups Plaintiffs seek to represent is inappropriate at this stage of litigation and has been rejected by this Court and others within the Third Circuit. In *Tahir v. Avis Budget Group, Inc.*, the defendants moved to dismiss collective action allegations by arguing that the plaintiffs' collective FLSA claims are not "sustainable as a collective action because the Complaint gives a flawed definition of those employees who would fall within the scope of the class." No. 09-3495 (SRC), 2009 WL 4911941, at *1 (D.N.J Dec. 14, 2009) (Chesler, J.). The Court rejected this argument, holding that the *Twombly* pleading standard applies to whether the complaint has "stated sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face;" **not** to the suitability of class definitions. *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Rather, the Court held that the defendants' "attack on these portions of this Complaint that relate to the pleading of a collective action is **misplaced** at this stage of litigation" and that "the Court must address the suitability of the proposed class definition on a motion first for preliminary certification of the collective action and later one for final certification." *Id.* Similarly in *Barnes v. Resources for Human Development Inc.*, the court held that seeking "dismissal of the class and collective claims on grounds that [Plaintiff's] proposed class and collective are "ill defined" …before discovery and before Plaintiff has sought class or collective certification would be "premature." No. 24-757, 2024 WL 4566113, at *1 (E.D. Pa. Oct. 24, 2024). Here, Plaintiffs have sufficiently pled that Defendants violated the FLSA by failing to pay them and other similarly situated production/manufacturing employees overtime compensation for all hours worked. At this stage of litigation, that suffices.

Furthermore, Defendants' argument that they are purportedly unable to determine who are "hourly production/manufacturing employees," if accepted as true, gives serious cause for concern. Defendants' primary business activity involves the production and manufacturing of food

LICHTEN & LISS-RIORDAN, P.C.

products for human consumption;[1] it is essential to be informed about who those employees are. Such information is necessary to ensure adherence to Food and Drug Administration ("FDA") regulations, as well as to ensure compliance with other sanitation and hygiene standards related to employees' job duties. Defendants are required to know which workers are involved in the production/manufacturing processes to ensure that they are following applicable regulations.

**Fourth**, Plaintiffs have sufficiently alleged overtime work under the FLSA and state wage laws. Defendants mischaracterize the pleading standard by demanding that Plaintiffs specify which particular workweeks exceeded 40 hours.

Defendants' cited cases do not hold to the contrary. In *Davis v. Abington Memorial Hospital*, the Third Circuit did not establish a heightened pleading requirement that demands the specification of particular workweeks. 765 F.3d 236, 242 (3rd Cir. 2014). Rather, the court held that plaintiffs must plausibly allege both 40 hours of work in a workweek *and* uncompensated overtime in that same workweek. *See, e.g., Ford-Greene v. NHS, Inc.,* 106 F. Supp. 3d 590, 610 (E.D. Pa. 2015) (quoting *Davis* for the proposition that " a plaintiff's claim that she 'typically' worked forty hours per week, worked extra hours during such a forty-hour week, and was not compensated for extra hours beyond forty hours he or she worked during one or more of *those* forty-hour weeks, would suffice.").

Here, Plaintiffs have done exactly that.  The First Amended Complaint alleges Plaintiffs regularly worked over 40 hours per week (ECF No. 29, at ¶¶ 31, 39), includes the Plaintiffs' typical weekly work schedules and hours (*Id.* at ¶¶ 54–56), states that they were required to engage in pre-shift donning and post-shift doffing activities for which they were not compensated (Id. at ¶¶ 42–52), and that this unpaid time resulted in unpaid wages in weeks when Plaintiffs worked more than 40 hours (*Id.* at ¶¶ 54–56). These allegations, taken together and construed in Plaintiffs' favor as required at the motion to dismiss stage, plausibly state unpaid overtime claims.

**Fifth**, Plaintiffs have adequately alleged entitlement to wages under the PWPCL, IWPCA, and CWPL. These statutes require payment of "wages earned" or "wages due," and the Complaint sufficiently alleges such entitlement. Plaintiffs allege that "Defendants agreed to pay Named Plaintiffs and other similarly situated production/manufacturing employees an hourly rate for the hours they work" (ECF No. 29, at ¶ 41) and that "Named Plaintiffs and other similarly situated production/manufacturing employees were paid by Defendants on an hourly basis at an agreed hourly rate" (Id. at ¶ 40). These allegations establish an agreement—whether express or implied—to pay for all hours worked and are sufficient to state claims under the three state laws at issue (Pennsylvania, Illinois, and Connecticut).

---

[1] In a similar matter involving a pet food manufacturer, the employer was able to respond to the pleading and agreed to the issuance of notice to production/manufacturing employees. *Addison v. Mars Petcare US, Inc.*, D.DE. Case No. 25-cv-456 at D.I. 22, 25.

L I C H T E N  &  L I S S - R I O R D A N ,  P. C.

 Pennsylvania, Illinois, and Connecticut law all recognize implied agreements to pay for work performed, and courts deny motions to dismiss claims under those state laws where similar allegations are made. *See, e.g., Lugo v. Farmer's Pride, Inc.*, 2009 PA Super 5, 967 A.2d 963, 969 (Pa. Super. 2009), *appeal denied*, 602 Pa. 668, 980 (Pa. 2009) (PWPCL's requirements apply both to wages owed under statute, including the PMWA, and wages owed pursuant to an employer's promise or agreement to pay same); *Galloway v. George Junior Republic*, 2013 U.S. Dist. LEXIS 134014, at *42 (W.D. Pa. 2013); *Cortez v. Target Corp.*, No. 23-cv-01435, 2023 U.S. Dist. LEXIS 240169, *5, 2023 WL 11885235 (N.D. Ill. May. 31, 2023) (Valderrama, J.) (quoting *Cates v. All. Coal, LLC,* No. 21-CV-377-SMY, 2022 WL 4782857, at *5-6 (S.D. Ill. Oct. 3, 2022)) (denying motion to dismiss IWPCA claim where similar allegations supported claim for straight time wages); *Martinez v. Utilimap Corp.,* No. 3:14-CV-310-JPG-DGW, 2014 WL 6751832, at *2 (S.D. Ill. Nov. 24, 2014); *Rio v. Amazon.com Servs., LLC*, No. 3:21-CV-01152 (KAD), 2022 WL 4599036, at *4 (D. Conn. Sept. 30, 2022) (finding that the amended complaint reasonably supports the inference that defendants violated § 31-72 on the basis of their breach of the agreement to pay hourly compensation to Plaintiffs for the hours they worked).

 Here, Plaintiffs allege they were hourly employees who performed work for Defendants' benefit at an agreed hourly rate. (ECF No. 29, at ¶¶ 22, 40-41). This creates a reasonable inference that Defendants impliedly agreed to compensate Plaintiffs for all hours worked—including the pre-shift and post-shift work for which they were not paid. The cases cited by Defendants, *Bosler* and *Smith*, involved situations where plaintiffs failed to allege *any* agreement or basis for the claimed wages. Here, Plaintiffs have alleged both an hourly wage agreement and that Defendants required uncompensated work, which is sufficient at the pleading stage.

 Respectfully submitted,

 LICHTEN & LISS-RIORDAN, P.C.

 <u>/s/ *Krysten Connon*</u>

 Krysten Connon

 Attorney for Plaintiffs

cc: Counsel of record via ECF