# LICHTEN & LISS-RIORDAN, P.C.

ATTORNEYS AT LAW

HAROLD L. LICHTEN×
SHANNON LISS-RIORDAN×∆◇
SARAH SCHALMAN-BERGEN▪
MATTHEW W. THOMSON×
THOMAS P. FOWLER×◇
BRADLEY MANEWITH•
KRYSTEN CONNON^▪
OLENA SAVYTSKA×

BRENDAN BALLOU◦
MICHAEL ROMANO•
JACK BARTHOLET×
TREVOR BYRNE×
MORINE MITCHELL×
KELLY GEDDES×
HODA KATEBI∆

729 BOYLSTON STREET, SUITE 2000
BOSTON, MASSACHUSETTS 02116

TELEPHONE  617-994-5800
FACSIMILE  617-994-5801

WWW.LLRLAW.COM

× ADMITTED IN MASSACHUSETTS
∆ ADMITTED IN CALIFORNIA
◇ ADMITTED IN NEW YORK
▪ ADMITTED IN PENNSYLVANIA
• ADMITTED IN ILLINOIS
^ ADMITTED IN NEW JERSEY
◦ ADMITTED IN WASHINGTON D.C.

February 17, 2026

**VIA ECF**
Hon. Renee Marie Bumb, Chief U.S.D.J.
United States District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Courtroom 3 D
Camden, NJ 08101

Re:   *Humphrey, et al. v. The Campbell's Company, et al.*, No. 1:25-cv-15108

Dear Chief Judge Bumb:

Plaintiffs write in response to Defendants' letter seeking a pre-motion conference regarding the Motion to Dismiss the Second Amended Complaint ("SAC"). Following the Court conference on January 13, 2026, at the Court's direction, Plaintiffs filed a Second Amended Complaint designed to eliminate and address Defendants' arguments to avoid additional motions practice and use of judicial resources. Plaintiffs carefully reviewed the applicable case law and respectfully submit that there are no pleading deficiencies in their Second Amended Complaint that would lend to dismissal of this action. Notwithstanding, Defendants ignore these well-pleaded allegations and renew their same objections. Plaintiffs address these arguments briefly below.

**First**, Plaintiffs have sufficiently alleged that The Campbell's Company (Campbell's) was one of their employers under the FLSA. In deciding whether a pleading has adequately alleged a claim, the district court "is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff." *Hansen v. Novitum Energy LLC*, No. 23-21077, 2024 WL 4024172, at *2 (D. N.J. Aug. 30, 2024) (Williams, J.). The Third Circuit has recognized that the FLSA "defines employer 'expansively,' and with 'striking breadth'" and that even the Supreme Court has acknowledged that this definition of employer is "the broadest definition that has ever been included in any one act." *In re Enterprise Rent–A–Car Wage &Hour Emp't Prac. Litig.,* 683 F.3d 462, 467–68 (3d Cir. 2012). Plaintiffs' SAC sufficiently pleads that Campbell's was one of Plaintiffs' employers.

Defendants are again incorrect that collective allegations that refer to multiple employers are fatal to a plaintiff's claims. In fact, the Court has recently stated as much when denying a defendant's motion to dismiss on similar grounds in *Ojeda v. Louis Berger Grp. (Domestic), Inc.*, No. 18-

L I C H T E N  &  L I S S - R I O R D A N ,  P. C.

17233, 2021 WL 941875 (D. N.J. Mar. 11, 2021) (McNulty, D.J.). Like the *Ojeda* plaintiffs, Plaintiffs have made specific allegations regarding where they worked, when they worked, their positions, and the duties they performed, while also making collective allegations regarding Defendants' status as their employers. The Court itself distinguished in *Ojeda* both the *Attanasio* and *Williams* cases cited by Defendants, noting that in *Attanasio* "no plaintiff picked out any particular employer/defendant from among an enormous number of alleged employers" whereas in *Ojeda* by contrast the "plaintiffs identify which defendants were their employers, and then plead additional information which renders their claims plausible enough." 2021 WL 941875, at *7. Following fact discovery and class certification, if the evidence does not support the joint employer allegations, Defendants may file a motion for summary judgment on this common issue. But the SAC sufficiently pleads the necessary elements to put Defendants on notice of their joint employer allegations, and Defendants' objections lack merit.

**Second**, Defendants' continued argument that Plaintiffs failed to identify which employees they seek to represent ignores the substantial additional allegations that Plaintiffs included in their SAC, and is against the weight of authority in this District and the Third Circuit generally. Specifically, the SAC now includes each of the Named Plaintiffs job titles (¶¶ 4–6), each of the Opt-in Plaintiffs job titles (¶¶ 7–11), and **twenty-one** additional representative job titles of production and manufacturing employees taken from Defendants' own job postings (¶¶ 40–44). Defendants' contention that at *the pleading stage* Plaintiffs must allege specific facts about every job title they intend to include in their collective definition is farcical, has been rejected in this Circuit, and must be rejected by the Court.[1]

Moreover, this challenge is premature at the pleading stage. For example, in *Tahir v. Avis Budget Group, Inc.*, the defendants moved to dismiss collective action allegations by arguing that the plaintiffs' collective FLSA claims are not "sustainable as a collective action because the Complaint gives a flawed definition of those employees who would fall within the scope of the class." No. 09-3495 (SRC), 2009 WL 4911941, at *1 (D.N.J Dec. 14, 2009) (Chesler, J.). The Court rejected this argument, holding that the *Twombly* pleading standard applies to whether the complaint has "stated sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face;" **not** to the suitability of class definitions. *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Rather, the Court held that the defendants' "attack on these portions of this Complaint that relate to the pleading of a collective action is **misplaced** at this stage of litigation" and that "the Court must address the suitability of the proposed class definition on a motion first for preliminary certification of the collective action and later one for final certification." *Id. See also Barnes v. Resources for Human Development Inc.*, No. 24-757, 2024 WL 4566113, at *1 (E.D. Pa. Oct. 24, 2024) ( "dismissal of the class and collective claims on grounds that [Plaintiff's] proposed class and collective are "ill defined" …before discovery and before Plaintiff has sought class or collective certification would be "premature."). Plaintiffs have clearly identified the employees they seek to represent, and Defendants cannot feign ignorance to avoid liability or to continue the unnecessary delay.

---

[1] Moreover, after the January 13, 2026 conference, Plaintiffs invited Defendants to engage in a collaborative process to discuss job descriptions at the relevant facilities, which Defendants declined. This information will certainly be required to be produced in discovery, highlighting why Defendants' challenge at this phase is premature.

# LICHTEN & LISS-RIORDAN, P.C.

**Third**, Defendants' contention that Plaintiffs' state law rule 23 claims have been "impermissibly expanded" should be rejected. As pleaded in the SAC, Plaintiffs' state law claims under Pennsylvania, Illinois, and Connecticut law differ from their FLSA claims in that those three state laws are more protective than the FLSA because they do not incorporate the FLSA's Portal-to-Portal Act limitations. *See In re Amazon.com, Inc.*, 255 A.3d 191, 204 (Pa. 2021) ("Heimbach") (the PMWA "specifically designates all 'time during which an employee is required by the employer to be on the premises of the employer' as compensable hours worked, ***regardless of whether the employee is actually performing job-related duties while on the premises***.") (emphasis added); *Del Rio v. Amazon.com Services, Inc.*, --- A.3d ----, No. 21109, 2026 WL 321492, at *8 (Conn. Feb. 10, 2026) ("The statutory text compels the conclusion that compensability does not depend on whether an employee's time is spent doing work ***if the employer requires the employee to remain on the employer's premises.***") (emphasis added); *see also* SAC ¶¶ 107, 121, 138.

Defendants are aware of this distinction in state law, as it recently settled the Snyder-Lance case (involving a business line of Campbell's not at issue in this case but represented by the same counsel) alleging similar allegations at one facility in Pennsylvania for $3.3 million on behalf of a class of "all persons, including Plaintiff, **who worked as nonexempt, hourly employees** at Snyder's-Lance, Inc.'s Hanover, Pennsylvania plant at any time from June 5, 2021, through May 17, 2025). *See Messinger v. Snyder's-Lance, Inc.*, No. 2:24-cv-04377-MKC, ECF No. 39 (E.D. Pa. Dec. 10, 2025) (emphasis added).[2] The same class definition as Defendants agreed to in that matter is sufficiently pleaded in this matter, and Defendant's challenge here lacks merit.

**Fourth & Fifth**, Plaintiffs have sufficiently alleged overtime work under the FLSA and state wage laws. Defendants mischaracterize the pleading standard by demanding that Plaintiffs specify which particular workweeks exceeded 40 hours and misconstrue the allegations provided for Named Plaintiff Terrell specifically.[3]

Plaintiffs carefully reviewed *Davis v. Abington Memorial Hospital*, 765 F.3d 236, 242 (3rd Cir. 2014), and the SAC complies precisely with its requirements. Yet despite acknowledging that Plaintiffs *all* worked 40 hours or more in at least one workweek during the relevant period (and

---

[2] The issue of whether Illinois state law incorporates the Fair Labor Standards Act's Portal to Portal Act compensability exclusion for preliminary and postliminary work activities is currently before the Illinois Supreme Court in the matter *Johnson v. Amazon.com Services*, No. 132016. On July 8, 2025, the Seventh Circuit entered a decision in the *Johnson* matter certifying the following question to the Illinois Supreme Court: "Does the Illinois Minimum Wage Law, 820 ILCS 105/4a, incorporate the exclusion from compensation for activities that are preliminary and postliminary to their principal activities, as provided under the federal Portal-to-Portal Act 29 U.S.C. § 254(a)(2)?" *Johnson v. Amazon.com Servs. LLC*, No. 24-1028, 2025 WL 1878764 (7th Cir. July 8, 2025). The matter has been fully briefed before the Illinois Supreme Court, and the Illinois Supreme Court heard oral argument on January 13, 2026.

[3] Here too, Plaintiffs asked Defendants to provide pay and time records for Named Plaintiffs, but Defendants refused to provide this information for Named Plaintiffs Humphrey and Robinson. But Defendants did provide Plaintiff Terrell's pay records, which confirm he worked 40 hours or more.

LICHTEN & LISS-RIORDAN, P.C.

producing documents showing Plaintiff Terrell worked more than 40 hours in a workweek), Defendants *again* renew their objection. Contrary to Defendants' suggestions, the Third Circuit did not establish a heightened pleading requirement that demands the specification of particular workweeks. Rather, the court held that plaintiffs must plausibly allege both 40 hours of work in a workweek *and* uncompensated overtime in that same workweek. *See, e.g., Ford-Greene v. NHS, Inc.,* 106 F. Supp. 3d 590, 610 (E.D. Pa. 2015) (quoting *Davis* that " a plaintiff's claim that she 'typically' worked forty hours per week, worked extra hours during such a forty-hour week, and was not compensated for extra hours beyond forty hours he or she worked during one or more of *those* forty-hour weeks, **would suffice**.") (emphasis added).

Here, Plaintiffs have done exactly that. The SAC again includes Named Plaintiffs Humphrey and Robinson's typical weekly schedules,[4] which resulted in more than 40 hours per workweek, and that they performed unpaid pre- and post-shift work during these workweeks (¶¶ 61, 63). The SAC also includes a representative workweek for Named Plaintiff Terrell, which specifically alleges that he performed unpaid pre- and post-shift work during a week when he worked overtime, *i.e.*, that he has unpaid overtime (¶ 62). Defendants' contention to the contrary should be rejected.

**Sixth**, Plaintiffs have adequately alleged entitlement to wages under the PWPCL, IWPCA, and CWPL. These statutes require payment of "wages earned" or "wages due," and the SAC sufficiently alleges such entitlement. Plaintiffs allege that "Defendants agreed to pay Named Plaintiffs, Opt-in Plaintiffs, and other similarly situated production/manufacturing employees an hourly rate for the hours they work" (¶ 48) and that "Named Plaintiffs and other similarly situated production/manufacturing employees were paid by Defendants on an hourly basis at an agreed hourly rate" (¶ 47). These allegations establish an agreement—whether express or implied—to pay for all hours worked and are sufficient to state claims under the three state laws at issue (Pennsylvania, Illinois, and Connecticut).

Pennsylvania, Illinois, and Connecticut law all recognize implied agreements to pay for work performed, and courts deny motions to dismiss claims under those state laws where similar allegations are made. *See, e.g., Lugo v. Farmer's Pride, Inc.*, 2009 PA Super 5, 967 A.2d 963, 969 (Pa. Super. 2009), *appeal denied*, 602 Pa. 668, 980 (Pa. 2009) (PWPCL's requirements apply both to wages owed under statute, including the PMWA, and wages owed pursuant to an employer's promise or agreement to pay same); *Galloway v. George Junior Republic*, 2013 U.S. Dist. LEXIS 134014, at *42 (W.D. Pa. 2013); *Cortez v. Target Corp.*, No. 23-cv-01435, 2023 U.S. Dist. LEXIS 240169, *5, 2023 WL 11885235 (N.D. Ill. May. 31, 2023) (Valderrama, J.) (quoting *Cates v. All. Coal, LLC,* No. 21-CV-377-SMY, 2022 WL 4782857, at *5-6 (S.D. Ill. Oct. 3, 2022)) (denying motion to dismiss IWPCA claim where similar allegations supported claim for straight time wages); *Martinez v. Utilimap Corp.,* No. 3:14-CV-310-JPG-DGW, 2014 WL 6751832, at *2 (S.D. Ill. Nov. 24, 2014); *Rio v. Amazon.com Servs., LLC*, No. 3:21-CV-01152 (KAD), 2022 WL 4599036, at *4 (D. Conn. Sept. 30, 2022) (finding that the amended complaint reasonably supports the inference that defendants violated § 31-72 on the basis of their breach of the agreement to pay hourly compensation to Plaintiffs for the hours they worked).

---

[4] The allegations in paragraph 63 contain a typographical error. It should state that Named Plaintiff Robinson's schedule was from 2:00 p.m. to 10:00 p.m.

# LICHTEN & LISS-RIORDAN, P.C.

Here, Plaintiffs allege they were hourly employees who performed work for Defendants' benefit at an agreed hourly rate. (¶¶ 24, 27, 46, 47). This creates a reasonable inference that Defendants impliedly agreed to compensate Plaintiffs for all hours worked—including the pre-shift and post-shift work for which they were not paid. The cases cited by Defendants, *Bosler* and *Smith*, involved situations where plaintiffs failed to allege *any* agreement or basis for the wages claimed. Here, Plaintiffs have alleged both an hourly wage agreement and that Defendants required uncompensated work, which is sufficient at the pleading stage.

.

    Respectfully submitted,

    LICHTEN & LISS-RIORDAN, P.C.

    <u>/s/ *Krysten Connon*</u>

    Krysten Connon

    Attorney for Plaintiffs

cc: Counsel of record via ECF